IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
BLOCKER FARMS OF FLORIDA, INC.   *
                                 *
     Plaintiff,                  *
                                 *
          v.                     *          CV 613-068
                                 *
BUURMA PROPERTIES, LLC,          *
                                 *
     Defendant.                  *
--------------------------------------------------------------
BLOCKER FARMS OF FLORIDA, INC.   *
                                 *
     Plaintiff,                  *
                                 *
          v.                     *          CV 613-067
                                 *
KEN O. BELL and ROBIN R. BELL,   *
                                 *
     Defendants.                 *
```

**O R D E R**

On January 6, 2015, the Court of Appeals remanded both <u>Blocker Farms of Fla., Inc. v. Buurma Props., LLC</u>, 6:13-cv-68,[1] and <u>Blocker Farms of Fla., Inc. v. Bell</u>, 6:13-cv-67,[2] for the Court "to determine if diversity existed at the time th[e] action[s] w[ere] filed." (Bell Doc. 52; Buurma Doc. 52.) This Court then ordered Plaintiff Blocker Farms of Florida, Inc. ("Blocker Farms") to submit further information documenting the parties' citizenship. (Buurma Doc. 53.) But determining the citizenship of the parties in this case has proved particularly difficult, as Blocker Farms' submissions seemed aimed more at clouding the truth, rather than uncovering it. Nonetheless,

---

[1] The Court will cite to case number 6:13-cv-68 as "Buurma."

[2] The Court will cite to case number 6:13-cv-67 as "Bell."

the most recent submission to the Court on the matter reveals not only that Blocker Farms has found itself mired in "a quicksand of deceit," WILLIAM SHAKESPEARE, THE THIRD PART OF KING HENRY THE SIXTH, act. 5, sc. 4, but also finally provides adequate information for the Court to make its jurisdictional determination.

## I. JURISDICTIONAL FINDINGS

### A. The Bells

Leading off with the most straightforward determination, both Ken O. Bell and Robin R. Bell are Georgia citizens. This much is alleged in Blocker Farms' Complaint (Bell Doc. 1) and is admitted in the Bells' answer (Bell Doc. 6 at 3).[3] Such an allegation is a sufficient means of establishing diversity jurisdiction, see Molinos Valle Del Cibao, C. por A v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), and the Bells have not challenged the Court's jurisdiction.[4]

### B. Buurma Properties, LLC

The Court now turns to Buurma Properties, LLC ("Buurma"). Buurma is a Georgia limited liability company. (Buurma Doc. 54-4 at 4.) For

---

[3] The Bells do not specifically admit that they are Georgia citizens. Rather, in admitting that venue is proper in the Southern District of Georgia, they failed to deny the jurisdictional facts alleged in Blocker Farms' Complaint. Therefore, the Court deems those facts admitted. See FED. R. CIV. P. 8(b)(6).

[4] Though "subject matter jurisdiction cannot be . . . conferred on a court by consent of the parties," Eagerton v. Valuations, Inc., 698 F.2d 1115, 1118 (11th Cir. 1983), parties may admit to facts bearing on the Court's jurisdiction and the Court may rely on those admissions in making its jurisdictional determination. Cf. Eng'g Contractors Ass'n of S. Fla. Inc. v. Metro. Dade Cnty., 122 F.3d 895, 905 (11th Cir. 1997) ("[P]arties may not stipulate to jurisdiction, but they may stipulate to *facts* that bear on [the Court's] jurisdictional inquiry. When the record contains such stipulations, [the Court] look[s] to the record to determine whether the stipulated facts give rise to jurisdiction." (internal quotation marks and citation omitted)).

purposes of determining diversity of citizenship "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, Blocker Farms failed to adequately allege Buurma's citizenship in its Complaint. (Buurma Doc. 1 at 1 (alleging only that Buurma "is a corporation organized under the laws of the State of Georgia").) See Rolling Greens, 374 F.3d at 1022 ("To sufficiently allege the citizenships of [a limited liability company], a party must list the citizenships of all the members of the limited liability company. . . .").

In response to the Court's inquiry, Blocker Farms submitted the following list of members:

- Richard C. Buurma, Gregory Buurma, and Ryan Buurma, all Michigan citizens;
- Loren Buurma, Nathan Buurma, Bruce Buurma, Michael Buurma, Aaron Buurma, Bryan Buurma, Chadd Buurma, Henry Buurma, and Daniel Buurma, all Ohio citizens.

(Buurma Doc. 54-4 at 2.) Buurma confirmed that this list represented the company's members as of the date Blocker Farms filed this suit. (Buurma Doc. 56 at 2-3; Buurma Doc. 56-4 at 2-3.) Thus, the Court finds that Buurma was a citizen of both Michigan and Ohio on the date Blocker Farms filed this suit.

### C. Blocker Farms of Florida, Inc.

The Court finally turns to what has proven to be the most enigmatic entity, Blocker Farms. For starters, Blocker Farms is not, as the Complaint alleges and the caption indicates, a Florida corporation. Rather, Blocker Farms is a Florida limited liability company. (Buurma

3

Doc. 54-1 at 2.)  Thus, because parties must allege "the citizenships of all the members of" limited liability companies, Rolling Greens, 374 F.3d at 1022, Blocker Farms' conclusory allegation of its Florida citizenship in its Complaint (Buurma Doc. 1 at 1) was insufficient for purposes of determining diversity of citizenship.

In response to the Court's first request for information regarding the Blocker Farms' membership, Blocker Farms represented that Blocker Farms had only two members as of the date it filed this suit, the first being Cale Blocker and the second being Blocker Farming Enterprises, LLC ("Blocker Farming").  (Buurma Doc. 54-2 at 2.)  Blocker Farms later confirmed that Blocker Farming had only one member, William M. Blocker, Jr.  (Id.)  This was so until August 21, 2010, when William M. Blocker, Jr., died.  (Id. at 2; Buurma Doc. 56 at 1.)  After that date, however, Blocker Farms lost the scent on the trail of Blocker Farming's legal status.  Despite an alleged "diligent search," Blocker Farms' counsel was "unable to determine the precise legal status of an LLC in the State of Georgia following the death of its only member," but assumed that William M. Blocker, Jr.'s Estate ("Estate") was Blocker Farming's sole member.  (Buurma Doc. 56 at 2.)  Not so.

> [I]f the last member of a limited liability company dies . . . the member's executor [or] administrator . . . shall become a member of the limited liability company, unless such executor [or] administrator . . . elects not to become a member by written notice given to the limited liability company within 90 days of such death.

O.C.G.A. § 14-11-506.

Thus, upon William M. Blocker, Jr.'s death, Cale Blocker, the administrator of the Estate became Blocker Farming's sole member. (See Buurma Doc. 54-2 at 2, 8.) Blocker Farms has pointed to no provision of Blocker Farming's articles of organization that provides otherwise and there is no indication that Cale Blocker provided written notice of his election not to become a member of Blocker Farming within 90 days of William M. Blocker, Jr.'s death. Accordingly, on the date Blocker Farms filed this suit it had two members: Blocker Farming, with Cale Blocker as its sole member; and Cale Blocker in his individual capacity.

Paring the Blocker Farms puzzle down this far, however, does not put an end to the Court's jurisdictional inquiry. This is because Cale Blocker's citizenship, too, has proved elusive. Though not immediately apparent, Blocker Farms' submissions throughout the Court's jurisdictional quest revealed inconsistencies regarding Cale Blocker's domicile. As noted in an earlier order, Blocker Farms has consistently represented that Cale Blocker is a resident and citizen of Florida. (Buurma Doc. 57.) But documentation provided to the Court also indicated that Cale Blocker potentially resided in Georgia. (Buurma Doc. 56-2 at 3.) And, in light of this inconsistency, the Court asked Blocker Farms to provide further information to establish what Cale Blocker's domicile was on the date it filed this action.

In response, Blocker Farms represented that Cale Blocker lived in Florida, where he ran a large-scale farming operation, from 1999 through 2002. (Buurma Doc. 58 at 2 (citing C. Blocker Dep., Buurma Doc. 19-3).) Blocker Farms alleged that Cale Blocker moved back to

5

Georgia only to help his father, William M. Blocker, Jr., who was in poor health. (Id.) After William M. Blocker, Jr.'s death, so the story goes, Cale Blocker was able to go back to Florida to start farming and, "[i]ntending to establish permanent residence in Florida, he obtained a Florida driver's license in the fall of 2012, which confirms his address as 6118 State Road South 29, Labelle, Florida." (Id.) Finally, when asked what primary address he would list on tax returns, Cale Blocker responded that he would list 3900 Champion Ring Road, Fort Meyers. (Id.)

This explanation, however, has proved merely a fig leaf covering the truth of Cale Blocker's citizenship. Facial inconsistencies regarding Cale Blocker's purported Florida address aside, the deposition testimony that Blocker Farms' counsel helpfully points out tells the whole story. The address listed on the Florida driver's license provided to the Court, and impliedly represented as Cale Blocker's residential address, makes no appearance in the deposition testimony. The closest address is 6010 State Road 29 South, Labelle, Florida. But that address is not a residential address at all. Rather, it was the address of Blocker Farms' second office. (C. Blocker Dep. at 6.) Indeed, Cale Blocker has *never* had a house or an apartment anywhere in Florida that he has lived in. (Id. at 34.) This is because Cale Blocker's primary residence is in Glennville, Georgia. (Id. at 33.) His wife lives there and, though Cale Blocker spends as many as 148 nights a year in a Florida hotel, he does so only for periods of four or five days at a time before returning home to Georgia. (Id. at 34.)

6

Thus, despite Blocker Farms's consistent misrepresentations to the contrary, Cale Blocker is not a Florida citizen. Though he claims his principal residence is a hotel in Florida, he stays in that hotel only for relatively brief intervals and always returns to his home in Georgia. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and *to which he has the intention of returning whenever he is absent therefrom* . . . ." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)) (emphasis added) (internal quotation marks and citation omitted). Cale Blocker's deposition testimony makes clear that he is a citizen of the state of Georgia, the state he always intends to return to when absent from the state for business in Florida.

Accordingly, on the date Blocker Farms filed suit, it had two members: Blocker Farming and Cale Blocker. Blocker Farming, in turn, had only one member, Cale Blocker. Thus, both of Blocker Farms' members were Georgia citizens and, therefore, Blocker Farms was a Georgia citizen for purposes of diversity.

## II. CONCLUSION

According to the findings set forth above, the Court concludes that diversity of citizenship did not exist on the date Blocker Farms filed suit in Blocker Farms of Florida, Inc. v. Bell, 6:13-cv-67, because both Blocker Farms and the Bells were Georgia citizens on that date. Diversity of citizenship, however, did exist on the date Blocker Farms filed suit in Blocker Farms of Florida, Inc. v. Buurma

7

Properties, LLC, 6:13-cv-68, because Blocker Farms was a Georgia citizen on that date and Buurma was a citizen of both Ohio and Michigan on that date. The Clerk is **DIRECTED** to transmit these cases, along with these findings, to the Court of Appeals for further proceedings.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of May, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA